1 | David R. Flyer, Bar #100697
Raquel Flyer, Bar #282248
2 | **FLYER & FLYER, A Professional Law Corporation**
4120 Birch St., Ste. 101
3 | Newport Beach, CA 92660
(949) 622-8445
4 | (949) 622-8448 (fax)
davidflyer@flyerandflyer.com
5 | raquelflyer@flyerandflyer.com

6 | Attorneys for Plaintiff
NORMAN HOWARD ELLIS
7 |

8 | IN THE UNITED STATES DISTRICT COURT FOR

9 | THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10 |

11 | NORMAN HOWARD ELLIS,                    ) Case No. 8:22-cv-1995
                                          )
12 |            Plaintiff,                 ) **COMPLAINT FOR**
                                          ) **DECLARATORY AND**
13 | vs.                                   ) **INJUNCTIVE RELIEF**
                                          )
14 | ROB BONTA, in his official capacity as )
Attorney General of the State of California, )
15 | and DOES 1 TO 10,                     )
                                          )
16 |            Defendants.                )
                                          )
17 | _____

18 |

19 | TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:

20 | **<u>EXECUTIVE SUMMARY</u>**

21 |        The Second Amendment to the United States Constitution guarantees "the right

22 | of the people to keep and bear arms." Plaintiff NORMAN HOWARD ELLIS

23 | submitted an application for a Concealed Carry Weapon ("CCW") license on

24 | November 11, 2021. The reason for the application was based on Plaintiff being an

25 | avid hunter and for his own safety. Plaintiff has an aircraft modification business that

26 | requires him to go into certain parts of airport cities that are not known for providing

27 | for personal safety. He carries with him expensive equipment for his business and

28 | believes he needs protection. In his application, Plaintiff disclosed that over forty-

-1-

1    years ago he had misdemeanor convictions for vandalism, drunk driving, taking an
2    aircraft without owner's consent, and trespassing. Even longer ago, he had criminal
3    charges that were dismissed or did not lead to conviction. With the passage of forty
4    years, he has been rehabilitated and has had no issues with the law since then. He was
5    pulled over in traffic in 2012, but that did not result in any ticket. Despite the passage
6    of time from his convictions, on August 2, 2022, his application for a CCW license
7    was denied, with the stated reason: "The requirement of good moral character was not
8    satisfied due to past criminal history." "Good moral character" appears to be a
9    substitute for "proper cause," which our Highest Court held was an unconstitutional
10    hurdle to acquiring a CCW, see *New York State Rifle & Pistol Association, Inc. v.*
11    *Bruen*, 142 S.Ct. 2111, 2126, 213 L.Ed.2d 387 (2022).

12      Plaintiff challenges the denial of his license as the application of *California*
13    *Penal Code (CPC)* §26150, violates his civil rights. Interjecting convictions which
14    occurred over forty-year earlier, as a bar based on lack of good moral character,
15    violates the Fourteenth Amendment by preventing Plaintiff from exercising his
16    Second Amendment right to keep and bear arms in public for self-defense.

17              **JURISDICTION AND VENUE**

18      1.    This civil action arises under 42 U.S.C. §1983, and under the Second and
19    Fourteenth Amendments of the United States Constitution. Plaintiff challenges the
20    constitutionality and selective enforcement of *California Penal Code (CPC)* §26150.

21      2.    This Court has subject matter jurisdiction pursuant to U.S. Constitution
22    Article III, Section 2.

23      3.    This Court has personal jurisdiction over Defendant, because ROB
24    BONTA, in his official capacity as Attorney General of the State of California, is the
25    head enforcement officer in California and has jurisdiction over the Orange County
26    Sheriff's Department, Carry a Concealed Weapon (CCW) Licensing Unit, which
27    denied Plaintiff's CCW application.

28      4.    Venue properly lies within the U.S. Central District of California

COMPLAINT

1 pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) because Defendants are subject to

2 personal jurisdiction in this Judicial District as set forth above, and Plaintiff has

3 been harmed by Defendant's conduct, as described below, in this Judicial District.

**PARTIES**

5.    Plaintiff is and at all times was a resident of Orange County, California.

6.    Defendant ROB BONTA, in his official capacity as Attorney General of the State of California, has his offices at 300 S. Spring St. #1700, Los Angeles, California 90013.

7.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; Plaintiff will amend this complaint to show such true names and capacities when he has ascertained the same.

8.    At all times herein mentioned, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and was at all times herein mentioned acting within the course and scope of such agency and employment, and/or ratified the actions or omissions of each of the other Defendants. Plaintiff is further informed and believes, and thereon alleges, that each of the said Defendants is in some way responsible for the obligations hereinafter alleged.

**FACTUAL BACKGROUND**

9.    Plaintiff is a 69 year-old U.S. citizen. He previously served in the Israeli Civil Guard. For the past seventeen years his main hobby has been wild boar hunting. He is a landlord, and operates and owns an aircraft modification business, which requires him to bring his expensive equipment into some unsafe areas in airport cities. Plaintiff is also Jewish, and has noticed an increase in anti-Semitism that has made him concerned for his own safety.

10.    Nearly 50 years ago, when Plaintiff was 22 years-old he was charged but not tried nor convicted of rape by threat on April 23, 1975. In 1976, he was charged

-3-

1   with misdemeanor trespassing and taking an aircraft without the owner's consent,

2   which resulted in 24 months probation and paying two separate fines of $100 and

3   $250. In 1977, he was charged with failing to appear, but it was dismissed. In 1977,

4   he was convicted of trespassing, which was then dismissed. He had two drunk driving

5   convictions in 1977 and 1978, that resulted in probation, 2 days in jail, and paying

6   fines. In 1980, he was convicted of misdemeanor vandalism and received 12 months

7   probation and a duty to pay a fine. Since that last vandalism charge when he was 27

8   years-old, Plaintiff has rehabilitated himself and been a law abiding citizen. His only

9   other record was a traffic stop by the Orange County Sheriff's Department in 2012,

10  but that did not result in any ticket.

11        11.    Plaintiff worked hard to redeem himself and became a respected member

12  of society. He holds a pilots license, which required flying 1,700 hours in 25 different

13  types of aircraft. He has four Federal Aviation Administration (FAA) certifications

14  for aircraft modifications for over 200 different types of aircrafts. He spent 21 years

15  with the U.S. Air Force Auxiliary flying over the U.S. border to aid in search and

16  rescue missions. He has published 46 articles in trade & aircraft magazines. He has

17  made numerous monetary contributions to University of California Irvine (UCI),

18  California State University Long Beach (CSULB), Orange Coast College (OCC) and

19  to Orange County Bird of Prey.  After a career spanning 43 years, Plaintiff worked his

20  way up to Mechanical Design Engineer in the aerospace field. His most notable

21  project was working on the flight controls for a Mooney Aircraft. He is also an artist

22  and has had works displayed in over 100 arts shows just in the last 2 years.

23        12.    Plaintiff applied for a CCW license on November 11, 2021. With the

24  application he paid the fees, submitted a completed Live Scan request, a "Certificate

25  of Training/Shoot Carry Concealed Weapon - Initial CCW Class" from Artemis

26  Defense Institute, his Israeli Civil Guard card, his FAA Certificates, his hunting

27  license, and his criminal history report.  He made his life history an open book to the

28  licensing unit.

-4-

COMPLAINT

13.   *California Penal Code (CPC)* §26150 governs applications for CCW licenses. It states in pertinent part:

> (a)   When a person applies for a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person, the sheriff of a county may issue a license to that person upon proof of all of the following:
>
> (1)   The applicant is of good moral character.
>
> (2)   Good cause exists for issuance of the license.
>
> (3)   The applicant is a resident of the county or a city within the county, or the applicant's principal place of employment or business is in the county or a city within the county and the applicant spends a substantial period of time in that place of employment or business.
>
> (4)   The applicant has completed a course of training as described in Section 26165.
>
> . . .

14.   On August 2, 2022, the Orange County Sheriff's Department CCW Licensing Unit sent Plaintiff an email that his permit application was denied, with the stated reason: "The requirement of good moral character was not satisfied due to past criminal history."

15.   Plaintiff served Government Claims Act notice on the Attorney General.

## COUNT ONE

**42 U.S.C. §1983 ACTION FOR DEPRIVATION OF PLAINTIFF'S RIGHTS UNDER THE U.S. CONSTITUTION AMENDMENTS II AND XIV**

**(Against All Defendants)**

16.   Plaintiff incorporates herein by reference the allegations of paragraphs 1

-5-

through 15 as though fully set forth herein.

17.     Plaintiff is a law-abiding, responsible member of society and is included in the "the people" protected by the Second Amendment.

18.     Defendant, under the color of *California Penal Code* §26150(a)(1), deprived Plaintiff of his rights under the Second and Fourteenth Amendments to the U.S. Constitution.  Plaintiff's claim arises under 42 U.S.C. §1983.  Plaintiff's criminal convictions of over forty-years ago were not felonies and did not involve moral turpitude so as to violate the requirement of good moral character. To say that he could not reform, is to imply that one of the main purposes of the prison system in the State of California, rehabilitation, does not work.  Defendant's interpretation of the Penal Code, unduly burdens conduct protected by the Second Amendment.

19.     To determine whether the CCW applicant is of good moral character, the application required a criminal history report. However, the licensing officials did not take into consideration the passage of time, or any rehabilitation, in deciding to deny Plaintiff's application.  In that manner, the good moral character requirement was selectively enforced against Plaintiff.

20.     By infringing the right to bear arms in public, Defendant violated the Second Amendment, which applies to Defendant by operation of the Fourteenth Amendment, both facially and as applied to Plaintiff.  Any penal code which imposes a good moral character clause or hurdle to obtaining a CCW is invalid.

Wherefore, Plaintiff prays for:

1.     For a judicial determination that *California Penal Code* §26150(a)(1) is unconstitutional;

2.     For temporary and permanent injunction granting Plaintiff's CCW license or precluding Defendant from relying on the good moral character clause of the Penal Code;

3.     For costs; and

///

-6-

[\\FRONTDESK-WIN10\all files\A2165\Drafts\Complaint.rev-01pld.wpd]

4.    For such further relief as may be proper.

Respectfully submitted,
FLYER & FLYER, A PROFESSIONAL
LAW CORPORATION

Dated:  10/31/2022            By: _____
                                  David R. Flyer
                                  Raquel Flyer
                                  Attorneys for
                                  Plaintiff NORMAN HOWARD ELLIS

-7-

COMPLAINT

[\\FRONTDESK-WIN10\all files\A2165\Drafts\Complaint.rev-01pld.wpd]